UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

James L. Scott,

Petitioner,

vs. REPORT AND RECOMMENDATION

James Bruton,

Respondent. Civ. No. 00-1596 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of August, 2000.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Respondent's Motion to Dismiss the Petitioner's request for Habeas relief, under Title 28 U.S.C. §2254. The Petitioner alleges that he is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws or the treaties of the United States. The Petitioner appears pro se, and the Respondent appears by Robert A. Stanich, Assistant Attorney General. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice.

FILED AUG 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

## II. Factual and Procedural Background

The Petitioner is a State prisoner, who is serving a 360-month-to-life sentence for first degree murder. See, State v. Scott, 493 N.W.2d 546 (Minn. 1992). He is serving this sentence after having been convicted, by a Jury, of this offense. After his Trial, the Petitioner appealed his conviction to the Minnesota Supreme Court, where he raised two grounds for reversal:

> 1. That the prosecutor's use of a peremptory challenge to remove the only black person on the venire constituted racial discrimination in violation of the Fourteenth Amendment;
>
> 2. That the admission of evidence of his separately tried and non-testifying co-defendant's extrajudicial confession to a mutual acquaintance violated the Petitioner's Sixth Amendment right of confrontation.

Id.

Notwithstanding these claimed errors, the Minnesota Supreme Court affirmed the Petitioner's conviction and sentence. Id.

Subsequent to the Minnesota Supreme Court's decision, on the issues that were raised in his direct appeal, the Petitioner sought additional State review of the processes which resulted in his conviction, by a State Petition for Postconviction relief. See, Minnesota Statutes Sections 590.01, et seq. In that Petition, the Petitioner sought relief from the Todd County District Court, and raised the following grounds for relief:

> 1. Ineffective assistance of counsel;

> 2. Prosecutorial misconduct by failing to disclose evidence favorable to the Petitioner;
>
> 3. Prosecutorial misconduct through the failure to correct false testimony; and
>
> 4. Prosecutorial infringement of the attorney/client privilege.

Petition for Writ of Habeas Corpus, at 3-4.

On August 5, 1999, the Todd County District Court denied the Petitioner's Request for Postconviction Relief. Apparently, the Petitioner sought to appeal the District Court's dismissal, however, that appeal was dismissed on February 18, 2000, because of his failure to perfect service. Id., at 4.

On July 6, 2000, the Petitioner filed his current Federal Petition for a Writ of Habeas Corpus. In this Petition, the Petitioner raises the following grounds for Habeas relief:

> 1. That his conviction was obtained by several instances of an unconstitutional failure of the prosecution to disclose to the Petitioner evidence that was favorable to him;
>
> 2. That he was denied the effective assistance of Trial counsel; and
>
> 3. That his conviction was obtained by the unconstitutional failure of the prosecution to correct false testimony.

Notably, however, because the Petitioner failed to properly serve the State of Minnesota with an appeal of the dismissal of his original State Petition for Postconviction Relief, his State Court

claims were never fully presented the Minnesota Court of Appeals, for review.

III. Discussion

A. Exhaustion and Procedural Default. Here, it appears that, because the Petitioner failed to appeal the dismissal of his State Petition for Postconviction Relief, his claims were never fully presented to the Minnesota State Courts and, therefore, these claims should be dismissed, because they were not exhausted, and are in procedural default.

1. Standard of Review. Even where a Federal Habeas Petition properly presents Federal constitutional claims, the Court "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)(en banc). To have fairly presented a claim to the State Courts, the petitioner is required to refer to a specific Federal constitutional right, a particular constitutional provision, a Federal constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim before the State Courts. See, Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc), cert. denied, 517 U.S. 1215 (1996).

A petitioner who has failed to fairly present a claim to the State Courts, that he seeks to advance in a Federal Petition, must navigate the narrow channel between the Scylla of exhaustion, and the Charybdis of procedural default. Section 2254(b)(i) precludes the issuance of a Writ of Habeas Corpus, if the Petitioner has not first presented his claim for relief to the State Courts. See, Gray v. Netherland, 518 U.S. 152, 161 (1996), citing Castille v. Peoples, 489 U.S. 346, 351 (1989); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996). Under this doctrine, a claim has not been exhausted in the State Courts unless the same factual grounds and legal theories, that were asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Abdullah v. Groose, supra at 411; Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). Accordingly, State Courts should, ordinarily, have the first opportunity to determine whether a particular exercise of police power comports with the Constitution. See, Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

The exhaustion requirement does not apply if it appears that resort to State remedies would be futile. See, Title 28 U.S.C. §2254(b) (1)(B)(ii); Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). The Supreme Court has explained that the futility exception

applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If, for example, it is clear that the State Courts would find the claim to be procedurally barred, and that a return to the State Courts would be futile, then the Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. See, Sloan v. Delo, supra at 1381; but, cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when possible that State Court would make an exception to procedural default rule and reach merits of petitioner's claim), cert. denied, 498 U.S. 986 (1990).

Or, if the petitioner raises an unexhausted claim, where the State Supreme Court has recently issued a decision on the same question of law under almost identical facts, any resort to State Court remedies would be futile. See, Hawkins v. Higgins, supra at 1367; see also, Allen v. Attorney Gen. of Maine, 80 F.3d 569, 573 (1st Cir. 1996)(exhaustion not required when recent independent decision by highest State Court plainly rendered appellate review futile). The burden rests upon the Petitioner to demonstrate "'a clear manifestation on the record' that to present his post-conviction claims to the state courts would be an exercise in futility." Harrow v. Black, 818 F.2d 17, 18 (8th Cir. 1987),

citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990).

B. Legal Analysis. Despite the limited Record before us, it is quite evident that this Petition contains a myriad of claims that were never fully presented for the review of the Minnesota State Courts. In short, the Petitioner has not afforded the highest State Court, to which an appeal as of right may be taken, a fair opportunity to rule upon the factual and legal substance of these claims. See, Picard v. Connor, 404 U.S. 270, 275-78 (1971). As we have noted, it is axiomatic that a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon the claims that are presented in his Federal Petition. See, Picard v. Conner, supra at 275; Duncan v. Henry, supra at 888; Joubert v. Hopkins, supra at 875-76. Resort to Federal Habeas relief is not in lieu of a State Court appeal. Brown v. Allen, 344 U.S. 443, 485 (1953); Ashker v. Leapley, supra at 1179. The exhaustion requirement of the Federal Habeas Statute is based upon the principle that, "as a matter of comity, Federal courts should not consider a claim in a Habeas Corpus petition until after State Courts have had an opportunity to act." Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996 (8th Cir. 1995), quoting Rose v. Lundy, 455 U.S. 509, 515, (1982).

In the present case, the Petitioner has admitted that he has not properly submitted his current claims to the Minnesota Court of Appeals. Further, the Petitioner has failed to argue, or to demonstrate, that a resort to State remedies would have been futile. Accordingly, because the Petitioner here faces an insuperable bar to success on his Petition, due to his failure to exhaust, his Petition should be summarily dismissed, but without prejudice. See, Wood v. Artuz, 39 F. Supp.2d 211, 216 (E.D.N.Y. 1999)(Petitioner who was convicted of murder failed to exhaust his State remedies by presenting his claim to the highest State Court empowered to hear it, and thus his claim was not fully presented for Federal Habeas Corpus review); Little v. Swenson, 282 F. Supp. 333, 335 (W.D. Mo. 1968)(Where petitioner for Habeas Corpus failed to appeal from denial of Motion for Vacation of Sentence, he did not exhaust his currently available Federal remedies to review validity of a Federal sentence he was serving, and he was not entitled to Habeas Corpus relief). Therefore, the Petitioner's request for Habeas relief must be dismissed without prejudice.

NOW, THEREFORE, It is --

RECOMMEND:

1. That the Respondent's Motion to Dismiss [Docket No. 4] be granted, so that the Petition for a Writ of Habeas Corpus is summarily dismissed, without prejudice.

2. That the Respondent's Motion for an Extension of Time to File Return and Memorandum of Law [Docket No. 6] be denied, as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 1, 2000**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 1, 2000**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C.

§636 to review the transcript in order to resolve all of the objections made.